# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| SAMUEL K. ROBINSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK,<br><br>　　　　　　　Defendant. | Case No. 2:18-cv-02142-GMN-BNW<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is pro se plaintiff Samuel K. Robinson's application to proceed *in forma pauperis* (ECF No. 4), filed on December 7, 2018. Also before the court is Robinson's motion for leave to file amended complaint (ECF No. 5), filed on the same date. This matter was reassigned to the undersigned magistrate judge on May 2, 2019, for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3. (Notice (ECF No. 6).)

**I.　Background**

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in federal court. A person who is unable to pay the filing fee may request the court's permission to proceed *in forma pauperis* ("IFP"), meaning without paying the $400 filing fee. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling to verify his poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

Robinson previously moved to proceed without paying the filing fee, and the court denied the application on the grounds that it was incomplete. (Order (ECF No. 3).) Specifically, Robinson represented that he earns $2,200 per month in take-home pay, has $205.19 in cash or a

bank account, and spends approximately $1,900 per month on vehicle expenses. (*See id.* at 2.) But Robinson did not answer questions five, seven, or eight, and only gave a partial answer to question six, which asks for information about regular monthly expenses, including housing and utilities. (*See id.*) Given the unanswered questions and Robinson's cursory statements regarding his expenses, the court was unable to verify whether Robinson is eligible to proceed IFP and therefore denied his application without prejudice. (*Id.*) The court instructed Robinson to file the long form application (AO 239) and provided him with a courtesy copy of that form. (*Id.* at 3.) Robinson's deadline for filing form AO 239 or paying the $400 filing fee was December 13, 2018. (*Id.*) The court expressly warned Robinson that failure to submit "a completed long form IFP application (AO 239)" or to pay "the $400 filing fee before the December 13, 2018 deadline will result in a recommendation to the district judge that this case be dismissed." (*Id.*)

Robinson now renews his request to proceed IFP. (IFP Appl. (ECF No. 4).) He timely filed the application and used the long form application (AO 239) that the court provided to him. (*Id.*) Robinson states that his spouse's average monthly income over the past 12 months was $3,100[1] and that he expects to earn $2,500 next month. (*Id.* at 1.) But he does not provide a response to subparts of question one that request information about income from real property, interest and dividends, gifts, alimony, child support, retirement, disability, unemployment, public assistance, and other forms of income. (*Id.* at 1-2.) Robinson further states that he has $41.12 in his checking account. (*Id.* at 2.) While he states that he has monthly expenses of $330.27 for utilities, $120 for food, $160 for car insurance, $36 for credit card payments, and $585 for car payments, he does not answer the other subparts of question eight, which request information about expenses for housing, clothing, laundry, medical expenses, transportation, and various other items. (*Id.*)

Given Robinson's failure to complete the form in its entirety, the court does not have sufficient information to evaluate his financial status and therefore will deny Robinson's IFP

---

[1] The court understands it to be a typographical error that Robinson's spouse earns $3,100 because elsewhere in his IFP application, Robinson states that he earned $3,100 working for Uber. (*Compare* pages 1, 2, and 7 of IFP Appl.)

application. The court expressly warned Robinson that if he failed to file a completed long form application per the court's instructions, the court would recommend dismissal of his case. Accordingly, the court will recommend that Robinson's case be dismissed without prejudice under Local Rule IA 11-8 as a sanction for his failure to comply with the court's order. The court further will recommend denial of Robinson's pending motion for leave to amend complaint (ECF No. 5) as moot.

## II. Conclusion and recommendation

IT IS THEREFORE ORDERED that Robinson's application to proceed *in forma pauperis* (ECF No. 4) is DENIED.

IT IS RECOMMENDED that Robinson's case be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Robinson's motion for leave to file amended complaint (ECF No. 5) be denied as moot.

## III. Notice

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 10, 2019

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE